**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

JAMES E. WILLIAMS,

        Plaintiff,

        v.                                        Civil No. 04-0479  (RBK)

DAVID OWENS, Jr. and
LINDA MAYES,

        Defendants.

**O P I N I O N**

**KUGLER**, United States District Judge:

Presently before the Court in this case arising under 42 U.S.C. § 1983 is Defendants' motion for summary judgment. For the reasons set forth below, that motion will be granted.

**I. INTRODUCTION**

At the time he initiated this lawsuit by filing the present complaint, Plaintiff James E. Williams was incarcerated in the Camden County Correctional Facility ("CCCF"). CCCF has a grievance procedure in place through which prisoners can grieve a variety of issues, including alleged violations of the Constitution and unsafe or unsanitary conditions within the prison. (See Def's Ex. D). If a prisoner is unsatisfied with the initial response he receives as a result of his grievance, he can appeal to the

warden or his designee within ten days. (See Def's Ex. D). CCCF advised all inmates of the administrative policies upon entry. (See Def's Ex. E). On January 14, 2004, Williams filed a grievance stating his right hand rubbed against the wall transferring paint chips from the wall to his right hand, and later to his eyes. (See Def's Ex. F). On January 16, 2004, CCCF referred Williams to the medical unit, where Faye Valentine, R.N. and attending physician, Dr. Tagle examined Williams. (See Def's Ex. F and G). As a result of his examination, Dr. Tagle concluded that Williams's head, ears, eyes, nose, and throat all fell within healthy limits. (See Def's Ex. G). In deposition, Williams corroborated Dr. Tagle's findings. (Williams Dep. at 21).

On February 8, 2004, Williams submitted a sick call in which he requested an x-ray of his eyes and complained of burning and decreased visibility. (See Def's Ex. H). Both Dr. Tagle and visiting optometrist Dr. Laveson spoke with Williams regarding his x-ray request. Williams recalled in deposition the doctors never explicitly advised against an x-ray, but also testified the doctors likely never stated an x-ray was necessary. (See Williams Dep. at 36). Dr. Laveson visited with Williams on two additional occasions on which he prescribed Williams new glasses and then fit Williams with his new glasses. (See WilliamsDep. at 24-26). Williams never filed an appeal to follow-up the January 14, 2004 grievance and never filed an additional grievance regarding his eyes or care he received. Instead, he filed this civil action on February 4, 2004, alleging Defendants

provided him inadequate medical care.[1]

Defendants, David S. Owens, Jr, CCCF warden, and Linda Mayes, attending nurse, (collectively, "Defendants") filed a motion for summary judgment on March 29, 2004. Williams did not file opposition.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether there is a disputed issue of material fact, a court must view the facts and all reasonable inferences in a light most favorable to the nonmoving party. Id. at 250; Anderson v. Consol. Rail Corp., 297 F.3d 242, 247 (3d Cir. 2002).

The moving party always "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings,

---

[1] The record is not clear on whether Williams was a convicted prisoner or a pre trial detainee. The difference is the source from which Williams would derive his right to receive adequate medical care. Whereas the Eighth Amendment provides convicted prisoners the right to receive adequate medical care, pre trial detainees receive essentially the same right from the Fourteenth Amendment. Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005). In any event, pre trial detainees are considered "prisoners" under the Prison Litigation Reform Act and must, therefore, satisfy its requirements before bringing suit. See 42 U.S.C. § 1997e(a) and 42 U.S.C. § 1997e(h).

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the nonmoving party bears the burden of persuasion at trial, however, "the burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Id. at 325.  The non-moving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions, conclusory allegations or suspicions" to establish the existence of a genuine issue of material of fact.  FED. R. CIV. P. 56(e); Jalil v. Avdel Corp., 873 F.2d 701, 707 (3d Cir. 1989) (citation omitted).  "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857 (3d Cir. 2000) (quoting Celotex, 477 U.S. at 322).

### III. DISCUSSION

Defendants are entitled to summary judgment because Williams failed to exhaust his administrative remedies before filing the present complaint.

It is well-settled that, as a result of the Prisoner Litigation Reform Act, codified at 42 U.S.C. § 1997e(a), prisoners must exhaust all available administrative

remedies before filing a suit that complains of prison conditions.  See Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir. 2004).  A prisoner's responsibility in this regard is to bring his complaint to the attention of the appropriate prison official so that the official has an opportunity to respond to the prisoner's grievance before resort to the court system.  Id. at 227 (citing Porter v. Nussle, 534 U.S. 516, 524-25 (2002)).  Beyond the initial complaint, the prisoner must carry his grievance through any available appeals process before filing suit.  See Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000).  A prisoner has not exhausted his administrative remedies until he has pursued his complaint through each level of appeal available to him within the prison system.  Spruill, 372 F.3d at 232.

In the present case, Defendants argue that, if Williams felt the treatment he received in response to his initial grievance of January 14, 2004 was insufficient, he needed to pursue his grievance to final appeal before bringing this suit.  TheCourt agrees.  There is no dispute that CCCF had an internal grievance procedure in place to address Williams's complaint about his eyes.  Furthermore, CCCF had a procedure through which Williams could complain that his Constitutional rights were being violated.  There is also no dispute that in response to Williams's complaint about his eyes, CCCF arranged for Williams to see Dr. Tagle and then Dr. Laveson after that.  Finally, there is no dispute that Williams failed to file another grievance or an appeal of his initial grievance before filing the present lawsuit.  It is, therefore, undisputed that Williams failed to exhaust the administrative remedies available to him at CCCF. The Court will grant Defendants'

motion for summary judgment.


Dated: 7-12-05

          s/Robert B. Kugler
          ROBERT B. KUGLER
          United States District Judge